**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
PETER MOSES,

                Plaintiff,                           17 Civ.

        -against-                          JURY TRIAL REQUESTED

LONG ISLAND RAILROAD COMPANY,

                Defendant.
---------------------------------------------------------X

## COMPLAINT

      COMES NOW Plaintiff, Peter Moses, by and through his attorneys, Marc Wietzke, Flynn & Wietzke, P.C. and Patrick O'Brien, Law Offices of Patrick S. O'Brien, LLC, and for his Complaint against Defendant, Long Island Railroad Company (LIRR) states:

      1.      That at all times herein Plaintiff, Peter Moses, was a citizen of the United States and was an employee of Defendant, Defendant Long Island Railroad Company (LIRR).

      2.      That at all times herein Defendant, LIRR, was and is a corporation organized and existing according to law, conducting business as a common carrier by railroad in and through interstate commerce with a principle place of business and largest terminal in this District. At the time of commencement of this action, Defendant engaged in the business of operating a railway system in interstate commerce and in the transportation of passengers by railroad in said interstate commerce including but not limited to Manhattan, New York, including both in intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in Manhattan, and, at the times hereinafter mentioned, was and is presently conducting business in Manhattan, New York, within the true meaning and intent of Section 6 of the Federal Employers' Liability Act, as amended.

3. That at all times material herein, Defendant, LIRR was an interstate carrier by rail and was engaged in the transportation of passengers; that from approximately 1999 through 2015, Plaintiff was employed by Defendant as an electrician working in and out of Hillside Yard; Queens, New York and as such was working and engaged in interstate transportation and commerce at the time of the occurrences hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad.

4. That throughout the course and scope of the Plaintiff's railroad employment with Defendant, Plaintiff was exposed to and inhaled harmful, hazardous and toxic chemicals, agents, fumes, particles and substances, including but not limited to diesel exhaust, diesel fumes, creosote, welding fumes, dust, powders, dioxins, chlorinated hydrocarbons, degreasing agents, fuel oil, herbicides, pesticides, silica, benzene, xylene, trichloroethylene, trichloroethane and other hazardous compounds and agents. Plaintiff was required to work in said environments without proper respiratory protective equipment and/or adequate protective equipment and without knowledge and/or adequate knowledge that his unprotected work environment exposures created an increased risk for Plaintiff's acquisition of injury, disease and illness.

5. That this Honorable Court has jurisdiction over Defendant LIRR pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, et seq., and that Plaintiff has commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

6. That pursuant to the FELA, 45 U.S.C. § 51, et seq., Defendant LIRR had a duty to provide Plaintiff with a reasonably safe place to work, reasonably safe equipment, and a duty to exercise ordinary care in connection with the maintenance, management, inspection, operation and repair of its tracks, railcars, tools, appliances, equipment, protective equipment, and

workplace exposures of its employees at the locations and facilities where Plaintiff worked for the Defendant.

    7.    That Defendant LIRR breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

    (a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

    (b)    Defendant failed to provide reasonably safe conditions for work in that Plaintiff was required to work in environments where he was exposed to dangerous chemicals and substances, and Defendant knew or in the exercise of ordinary care should have known of such conditions, and that such conditions were reasonably likely to cause harm;

    (c)    Defendant failed to provide reasonably safe and adequate tools, equipment and appliances for the employment duties Plaintiff was required to perform in that Plaintiff was not furnished with adequate respiratory protection and/or other protective clothing and equipment for the purposes of preventing the aforesaid exposures;

    (d)    Defendant allowed and permitted dangerous and/or hazardous conditions to exist with which its employees, including Plaintiff, was required to work;

    (e)    Defendant failed to safely, adequately and efficiently maintain and inspect the areas where Plaintiff was required to perform his employment duties so that it was reasonably free of hazards, and Defendant knew or should have known of such conditions, and that such conditions were reasonably likely to cause harm;

    (f)    Defendant failed to educate, train and/or warn Plaintiff of the dangers, risks and/or hazards associated with exposure to the chemicals and substances used in the daily course and scope of Plaintiff's employment, and Defendant knew or in the exercise of ordinary care should have known of such conditions, and that such conditions were reasonably likely to cause harm;

    (g)    Defendant failed to comply with OSHA regulations 29 C.F.R. §1910.1200 and 29 C.F.R. §1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause harm;

    (h)    Defendant failed to provide Plaintiff with reasonably safe methods for work; and/or

    8.    That Plaintiff's injuries, illness and disease, specifically including his diagnosed multiple myeloma was caused, in whole or in part, as a result of Plaintiff's workplace exposures

and to one or more of Defendant LIRR's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C.§ 51, et seq.

9. That as a result of one or more of the Defendant's aforementioned negligent acts and/or omissions, in whole or in part, Plaintiff contracted and suffered from multiple myeloma, which was diagnosed on January 20, 2015, which resulted in severe pain, limitations, loss of function, seizures, sensory changes, neurological damage, and adverse treatment side effects, all resulting in Plaintiff suffering great bodily, mental, psychological and emotional pain, suffering and damages, as well as a loss of enjoyment of life.

10. That as a result of one or more of the Defendant's aforementioned negligent acts and/or omissions, in whole or in part, Plaintiff sought and received medical, hospital, surgical, and therapeutic care and treatment; that Plaintiff incurred expenses for medical, hospital, surgical, and therapeutic care and treatment; and that Plaintiff has suffered a loss of enjoyment of life.

WHEREFORE, Plaintiff prays judgment against Defendant Long Island Railroad (LIRR), for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com